UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SANIMAX AGS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-37-SEB-TAB |
| | ) | |
| GULF HYDROCARBON, INC. | ) | |
| d/b/a GULF HYDROCARBON | ) | |
| PARTNERS, LTD., | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.    Introduction**

Plaintiff Sanimax AGS, Inc. alleges that Defendant Gulf Hydrocarbon, Inc. failed to respond properly to Sanimax's first set of interrogatory nos. 6, 7, 9, and 14 and first request for production of documents nos. 6 and 7.  Sanimax moved to compel complete responses and requested that Gulf Hydrocarbon pay its fees incurred in bringing the motion.  [Docket No. 55.] Sanimax's motion to compel is granted in part and denied in part.

**II.    Discussion**

Sanimax served its first discovery requests on Gulf Hydrocarbon on April 27, 2009.  The parties agreed on several extensions and set a response deadline of July 1, 2009.  Gulf Hydrocarbon responded on July 17, 2009.  After discussions with Sanimax about perceived inadequacies in the responses, Gulf Hydrocarbon supplemented its responses on September 11, 2009, and October 22, 2009.  Believing that Gulf Hydrocarbon's responses remained deficient, Sanimax moved the Court to compel responses and order sanctions.

At the outset, Gulf Hydrocarbon argues that Sanimax's motion to compel should be denied because it violates Local Rule 7.1(a). [Docket No. 63 at 3 n.2.] Local Rule 7.1(a) requires that certain motions, including those brought under Rule 37, be accompanied by a "separate supporting brief." Sanimax's brief is not separate from its motion. However, the Court declines to resolve Sanimax's motion on this shortcoming.

### A. Sanimax's Discovery Requests

#### 1. Interrogatory Nos. 6 and 7 and Request for Production No. 6

Sanimax explains in detail why Gulf Hydrocarbon's initial and supplemental responses to interrogatory nos. 6 and 7 and request for production no. 6 were inadequate. The problems boil down to overbroad page designations and failure to produce documents. However, Gulf Hydrocarbon has since provided satisfactory responses. The Court therefore need not order Gulf Hydrocarbon to provide additional information for these requests.

#### 2. Interrogatory No. 9

Interrogatory no. 9 states:

> With regard to any customer complaints regarding the end product Fuel sold by Gulf Hydrocarbon's Wolf Lake Terminal from January 1, 2007, to January 1, 2008, please state the following:
>
> a. The date of the customer complaint(s);
> b. The name, address, and telephone number of the customer submitting each complaint;
> c. The method in which the customer notified Gulf Hydrocarbon of each complaint;
> d. The specific quality concern of the complaint;
> e. Gulf Hydrocarbon's actions in response to the customer complaint including any costs incurred by Gulf Hydrocarbon; and
> f. Identify any and all documents relating to subparts a. – e. of the instant Interrogatory.

[Docket No. 55, Ex. A at 8–9.] Gulf Hydrocarbon objected that this interrogatory is overly broad and unduly burdensome and directed Sanimax to over 800 documents produced in initial

disclosures. [Docket No. 55, Ex. C at 6.] In its second supplementation, Gulf Hydrocarbon provided more specifics:

> In July, August, October, and November of 2007, Pilot Travel Centers, LLC, Zeeland Farm Services, Inc., Al Warren Oil Company, and Paulson Oil Company complained to Gulf Hydrocarbon regarding high sediment in the fuel, which was clogging filters, and then later of gelling and freezing of the product due to high fuel cloud point. Gulf Hydrocarbon was notified of these problems via both email and telephone. Upon learning of the complaints, Gulf Hydrocarbon began investigating the complaints to identify the source of the problem and to create a plan to correct the problem.

[Docket No. 55, Ex. D at 5–6.] Gulf Hydrocarbon also directed Sanimax to additional large ranges of documents.

Sanimax raises two issues with Gulf Hydrocarbon's response. First, Sanimax argues that Gulf Hydrocarbon did not answer the interrogatory but merely pointed Sanimax to "hundreds of pages of random invoices, emails, letters, faxes, receipts, annotations, etc." [Docket No. 55 at 7.] But a review of Gulf Hydrocarbon's supplemental response shows that Gulf Hydrocarbon answered all subparts of the interrogatory except for providing the names, addresses, and telephone numbers of the customers submitting each complaint. Gulf Hydrocarbon must provide this information. Regarding Sanimax's complaint that Gulf Hydrocarbon failed to identify specific documents, Gulf Hydrocarbon has invoked Federal Rule of Civil Procedure 33(d), which gives a party the option to produce business records when the "answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . and . . . the burden of deriving or ascertaining the answer will be substantially the same for either party." Gulf Hydrocarbon complied with this rule by providing Sanimax with the relevant page numbers and by identifying the customers who made complaints.

Second, Sanimax argues that Gulf Hydrocarbon failed to respond about *all* complaints, not merely those related to Gulf Hydrocarbon's claim of defective Sanimax fuel. But Gulf

Hydrocarbon states that it has "responded in full to Sanimax's Interrogatory No. 9 in accordance with Fed. R. Civ. P. 33(d)." [Docket No. 63 at 10.] Counsel for Gulf Hydrocarbon is an officer of the Court, and the Court will accept his Rule 11 representation that the response is complete, aside from the customer information that Gulf Hydrocarbon must provide.

        3.   Interrogatory No. 14

Interrogatory no. 14 requests an itemization of damages Gulf Hydrocarbon alleges it is entitled to under its counterclaim. Gulf Hydrocarbon responded by identifying three broad categories of damages and directing Sanimax to 3,000 documents. [Docket No. 55, Ex. B at 13.] Gulf Hydrocarbon later supplemented its response, stating "Gulf Hydrocarbon will produce an expert report on damages in accordance with the Case Management Plan entered in this case on April 21, 2009." [Docket No. 55, Ex. C at 7.] Gulf Hydrocarbon now argues that it has "no duty to prove its damages at the discovery stage," and "[s]hould Sanimax need further information and detail regarding the documents identified above, Jess Hewitt, President of Gulf Hydrocarbon, is available for deposition." [Docket No. 63 at 11.]

This response is insufficient. Gulf Hydrocarbon is not in charge of Sanimax's discovery. *E.g.*, *Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-0201-E(F), 2003 WL 21384304, at *5 (W.D.N.Y. May 9, 2003) ("[A] responding party may not dictate which discovery device the requesting party should employ or in what order they should be employed."). Gulf Hydrocarbon must provide a more complete answer to this interrogatory.

       4.  Request for Production No. 7

Request for production no. 7 seeks purchase orders, contracts, specifications, or agreements between Gulf Hydrocarbon's retail and wholesale distributors.  Gulf Hydrocarbon claims that it has produced "all documents in its possession" responsive to this request.  [Docket No. 63 at 13.]  Sanimax believes Gulf Hydrocarbon has omitted documents from its production because third parties have produced relevant documents that Sanimax would have expected Gulf Hydrocarbon to produce.  [Docket No. 69 at 14.]  Although the Court understands Sanimax's "concern and suspicion" that Gulf Hydrocarbon might possess other documents [*id.*], counsel for Gulf Hydrocarbon has represented to the Court that

> This production by Gulf Hydrocarbon represents all documents in its possession concerning the purchase and delivery of the wholesale biodiesel fuel to Gulf Hydrocarbon's Wolf Lake Terminal located in Hammond, Indiana.  Gulf Hydrocarbon has produced all information in its possession concerning purchases of fuel from Alpine Biofuels, Cargill, Eco-Energy, Minnesota Soy, National Biofuels, ADM, ConAgra, E-biofuels, LLC, to name just a few.

[Docket No. 63 at 12.]  As explained above, the Court will accept counsel's Rule 11 representation that all documents have been produced.

    *B.  Sanctions*

Federal Rule of Civil Procedure 37 provides that if a party's motion to compel is granted—or if the requested discovery is provided after the motion was filed—the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The Court may not order payment if the movant did not meet and confer before filing the motion, if the opposing party's response was substantially justified, or if other circumstances make an award unjust.

In this case, Sanimax requested $5,939 under Rule 37. [Docket No. 55 at 12.] Gulf Hydrocarbon responds that its responses were complete and seeks $4,050 to cover the fees and expenses incurred in opposing the motion to compel. [Docket No. 63 at 13.] The record reflects that Gulf Hydrocarbon's responses—even with the benefit of extensions and supplementation—were incomplete prior to Sanimax's motion to compel, and Gulf Hydrocarbon's incomplete responses were not substantially justified. Although it appears that Sanimax now has most of the information it requested, Sanimax should not have had to resort to a motion to compel. Therefore, an award of fees and expenses under Rule 37(a)(5)(A) appears appropriate because this rule provides in relevant part for a fee award when the discovery is provided after the motion to compel is filed, which is what occurred here.

The parties shall attempt to resolve the issue of fees and expenses within 28 days, and if they are unable to reach a resolution within that time, Sanimax shall request a telephonic status conference with the Magistrate Judge. From the Court's view, it seems appropriate for Gulf Hydrocarbon to make a good faith offer in response to Sanimax's claim for fees, given that if this issue is not resolved informally it will linger, create more fees for which Gulf Hydrocarbon could be responsible (not to mention its own), and could result in a judicial fee determination.

**III.     Conclusion**

Sanimax's motion to compel [Docket No. 55] is granted in part and denied in part.  Gulf Hydrocarbon shall provide complete responses to interrogatory nos. 9 and 14 within 28 days.  The Court denies Sanimax's motion as to interrogatory nos. 6 and 7 and request for production nos. 6 and 7.  Because many of Gulf Hydrocarbon's responses followed Sanimax's motion to compel, an award of fees and expenses under Rule 37(a)(5) is appropriate, and the parties shall attempt to resolve this issue within 28 days.

Date:    03/19/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

G. Martin Cole
BURT BLEE DIXON SUTTON & BLOOM
cole@burtblee.com

Norman R. Garvin
SCOPELITIS GARVIN LIGHT & HANSON
10 West Market Street
Suite 1500
Indianapolis, IN 46204

Eric K. Habig
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ehabig@scopelitis.com

Rachel Y. Osting
BURT, BLEE, DIXON, SUTTON & BLOOM, LLP
rosting@burtblee.com