UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SANIMAX AGS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-37-SEB-TAB |
| | ) | |
| GULF HYDROCARBON, INC. | ) | |
| d/b/a GULF HYDROCARBON | ) | |
| PARTNERS, LTD, | ) | |
|     Defendant. | ) | |

**ORDER ON MOTION FOR PROTECTIVE ORDER
AND MOTION TO COMPEL**

**I.   Introduction**

Plaintiff Sanimax AGS, Inc. and Defendant Gulf Hydrocarbon, Inc. have filed intertwined discovery motions relating mainly to discovery requests concerning third party Seneca Landlord LLC.  For the reasons below, the Court grants Sanimax's motion for protective order [Docket No. 75] and grants in part Gulf Hydrocarbon's motion to compel.  [Docket No. 82.]  The proposed supplemental protective order tendered by Seneca [Docket No. 95, Ex. 1] shall be granted by separate order.

**II.   Background**

Sanimax supplied biodiesel fuel to fuel distributor Gulf Hydrocarbon.  Sanimax sued Gulf Hydrocarbon, alleging that it did not pay for one of its purchases.  Gulf Hydrocarbon counterclaimed that Sanimax had sold deficient fuel in the summer of 2007.  Gulf Hydrocarbon alleges that the quality issues resulted from problems at Sanimax's DeForest, Wisconsin, facility, which uses a manufacturing process developed by Nova Biosource Fuels, Inc.  The parties dispute whether and how Sanimax should produce to Gulf Hydrocarbon documents relating to

Nova.  Nova has since filed for bankruptcy, and its intellectual property has been purchased by Seneca Landlord, LLC.

### III.  Discussion

#### A.  *Motion for protective order*

Sanimax and Seneca argue that a supplemental protective order is necessary to protect Seneca's intellectual property from unwanted dissemination.  Gulf Hydrocarbon does not dispute that Seneca's intellectual property needs protection.  Rather, it opposes entry of a supplemental protective order because it believes that the parties' December 1, 2009, Stipulated Protective Order [Docket No. 54] meets Seneca's needs.

The current protective order defines "Confidential Material" in part as:

> Non-public confidential and proprietary trade information reciting or relating to Sanimax's business, including production/manufacturing protocols and records, production/manufacturing processes and procedures, production/manufacturing equipment, testing procedures, research data, development data, designs, trade secrets, customer information and financial information that is non-public, which shall mean material that is not readily ascertainable and that which Sanimax has taken reasonable steps to maintain in secrecy.

[Docket No. 54 at ¶ 3(b).]  Confidential documents may only be disclosed to the Court, its staff, counsel of record, and "on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for trial of this action, and any witnesses in the case (including consulting and testifying experts)."  [*Id.* at ¶ 6.]

The proposed supplemental protective order tendered by Seneca provides:

> Documents in possession of Sanimax which are marked as confidential by Seneca Landlord's predecessor in interest, Nova, or are otherwise designated by Nova as containing its intellectual property, and all information related to the manufacturing processes provided by Nova to Sanimax including but not limited

>to process formulas, reports, computer screen readings, temperature ranges, chemical compositions, are covered by the provisions of this Supplemental Protective Order.

[Docket No. 95, Ex. 1 at ¶ 2.] The proposed supplemental protective order also covers any confidential information that Gulf Hydrocarbon requests directly from Seneca. [*Id.* at ¶ 3.] Under the proposed supplemental protective order, confidential information may be accessed by attorneys, paralegals, and legal assistants employed by Gulf Hydrocarbon's counsel; Gulf Hydrocarbon's president, Jess Hewitt; Gulf Hydrocarbon's financial consultant, Jennifer Henry; and any expert retained by Gulf Hydrocarbon. [*Id.* at ¶ 4.]

Comparing the current protective order to the proposed supplemental protective order reveals that the supplemental order covers a broader range of documents than the original protective order and narrows who may access the documents. Because the proposed supplemental order provides more protection and Gulf Hydrocarbon does not object to its provisions, the Court grants Sanimax's motion for protective order. [Docket No. 75.] The proposed supplemental protective order tendered by Seneca [Docket No. 95, Ex. 1] shall be granted by separate order.

### B.   *Motion to compel*

Gulf Hydrocarbon moved to compel responses to its interrogatories and requests for production and seeks attorney's fees incurred in bringing its motion to compel. [Docket No. 82.] Many of the parties' disputes relate to information about Nova.

A recurring issue in the parties' briefing is whether Sanimax must produce information from its entire relationship with Nova, or for 2007 only. Gulf Hydrocarbon argues that information from the entire relationship is relevant because Nova designed and constructed

Sanimax's biodiesel manufacturing facility. [Docket No. 93 at 17.] Sanimax responds that the DeForest facility did not begin producing fuel until Spring 2007, and there are no documents relating to 2004–06 shipments of fuel. [Docket No. 90 at 12–13.] At this time, Gulf Hydrocarbon has not convinced the Court that the pre-2007 information is relevant. When producing information responsive to Gulf Hydrocarbon's requests and this order, Sanimax may therefore produce information from 2007 only. If the 2007 information somehow strengthens Gulf Hydrocarbon's argument that earlier information exists and should therefore be produced, it may request a telestatus conference with the Magistrate Judge to discuss what discovery responses support a fresh look at whether Sanimax should produce earlier information.

      1.      Requests for production

- **Request Nos. 1, 2, 3, 7, 12, 16, 17, 18.** In responding to these requests, Sanimax did not review or rely on any Nova documents. [Docket No. 90 at 3.] Because the Court has now resolved the protective order issue, Sanimax must produce all Nova-related documents in its possession that are responsive to these requests.

- **Request No. 28.** Sanimax suggested that this interrogatory was also related to its motion for protective order. [Docket No. 90 at 9–10.] Now that the Court has resolved the protective order issue, Sanimax must produce all responsive Nova documents in its possession.

- **Request No. 29.** Sanimax argues that this request does not seek documents provided by or to Nova. [Docket No. 90 at 10.] But the request seeks "[a]ll documents," which includes documents provided by or to Nova. Sanimax must produce all Nova documents in its possession that are responsive to this request.

- **Request No. 30.** This request seeks "[a]ll documents regarding the shipment of Fuel or other non-conforming Fuel from the DeForest Facility, and all other manufacturing facilities controlled or operated by Sanimax for the last ten (10) years." Sanimax objects that this request is overbroad and unduly burdensome because of the time period and number of other Sanimax facilities, which are not biodiesel plants. [Docket No. 90 at 10.] Sanimax's objections are moot given that Gulf Hydrocarbon limited its request to documents about the DeForest facility and the Court limited the scope to 2007 only. [Docket No. 93 at 6.] These documents are relevant to Gulf Hydrocarbon's claims, and Sanimax must produce all documents in its possession,

including Nova-related documents, that are responsive to this request.

- **Request No. 32.** This request seeks "[a]ll quality control records of production of all products at the DeForest Facility for the last ten (10) years." Sanimax argues that it has produced all records for 2007, and the request does not seek information or documents provided by or to Nova regarding quality control. [Docket No. 90 at 11.] Gulf Hydrocarbon responds that the request includes "[a]ll documents" in Sanimax's possession, regardless of whether they were provided by or to Nova. [Docket No. 93 at 7.] Again, Sanimax must produce all documents in its possession, including those related to Nova.

- **Request No. 34.** Sanimax argues that it responded to this request in its March 5, 2010, letter. [Docket No. 90 at 3.] Gulf Hydrocarbon believes that Sanimax has other responsive documents because its March 5 production referred to "two other documents and agreements between Sanimax and NOVA." [Docket No. 93 at 8.] Sanimax must produce these other responsive documents.

- **Request No. 38.** This request seeks "[a]ll documents to indicate how contamination of Fuel contents might occur at the DeForest Facility and all other plants controlled or operated by Sanimax." Sanimax objects that this request is overbroad and unduly burdensome because it relates to all of Sanimax's plants, and the information it seeks is "clearly the subject for expert testimony." [Docket No. 90 at 11–12.] Gulf Hydrocarbon has not explained how contamination at Sanimax's other plants, none of which produce biodiesel, is relevant to this action. Therefore, the Court limits this request to contamination at the DeForest Facility. But Sanimax's objection that this is a subject for expert testimony cannot avoid Gulf Hydrocarbon's request—information that Sanimax possesses regarding how contamination might occur at DeForest is relevant. Sanimax must produce all responsive documents, including any provided to or by Nova, that are in its possession.

- **Request No. 41**. Sanimax argues that it already responded to this request and that any additional documents "whether they relate to NOVA or otherwise, will be produced to Gulf Hydrocarbon." [Docket No. 90 at 3.] Gulf Hydrocarbon suggests that this response signals that Sanimax has not fully responded but does not identify what documents might be missing. [Docket No. 93 at 9.] Without more, the Court concludes that Sanimax has fully responded to this request and expects that Sanimax will supplement its response if necessary as required by the rules.

   2.   Interrogatories

As a preliminary matter, the Court addresses Sanimax's arguments that it need not respond to Gulf Hydrocarbon's interrogatories because they contain more than twenty-five

interrogatories. [Docket No. 90 at 4.] Gulf Hydrocarbon seeks leave to propound more than twenty-five interrogatories given the complexity of the case and argues that Sanimax has waived this objection by responding to some of the interrogatories. [Docket No. 93 at 12.] Sanimax has waived its objection to the number of interrogatories. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2168.1 (2010) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). The Court therefore turns to Sanimax's other objections.

- **Interrogatory No. 1.** Sanimax supplemented its response to this interrogatory on March 30, 2010. [Docket No. 90, Ex. C.] Gulf Hydrocarbon identifies no shortcomings with Sanimax's supplementation. [Docket No. 93 at 10–11.] The Court therefore denies as moot Gulf Hydrocarbon's motion to compel on this point.

- **Interrogatory No. 2.** Sanimax objects that this interrogatory is overbroad and unduly burdensome because it would "require Sanimax to identify each fact, document, circumstance and evidence supporting 80 points of fact or law." [Docket No. 90 at 5.] Sanimax also objects that this interrogatory seeks privileged information. [*Id.* at 4.] Gulf has since limited this interrogatory to information regarding Nova. [Docket No. 93 at 12.] Sanimax must answer this interrogatory for all information in its possession relating to Nova. Although Sanimax also raised a privilege objection, the parties did not develop privilege-related arguments in their briefs. The Court is hopeful that the parties will be able to eliminate any privilege issues, but if they are unable to do so, Sanimax must produce a privilege log identifying the information it claims is privileged. For now, Gulf Hydrocarbon's motion to compel is denied without prejudice to revisit this issue if necessary.

- **Interrogatory No. 3.** Sanimax's objections to this interrogatory are the same as its objections to interrogatory no. 3. For the reasons provided above, Sanimax must answer this interrogatory for all information in its possession relating to Nova but may assert any privileges as appropriate.

- **Interrogatory No. 7.** Sanimax argues that it need not produce information related to Nova in responding to this interrogatory, which requests information relating to the knowledge of "Sanimax or any agent or employee of Sanimax." [Docket No. 90 at

6.] Gulf Hydrocarbon is not asking Sanimax for Nova's knowledge, but is seeking Sanimax's knowledge. Sanimax must provide its knowledge, including any of its knowledge relating to Nova. Sanimax further objects that the interrogatory contains vague terms (i.e., "contamination," "defect," and "nonconformance"). [*Id.*] Although the parties met and conferred under Local Rule 37.1, it does not appear that they discussed this particular issue. With a little discussion, lawyers should be able to work out the meanings of these terms.

- **Interrogatory No. 12.** Sanimax argues that this interrogatory, which seeks "[w]hat actions, if any, did Sanimax or any agent or employee of Sanimax take to address the complaints of Gulf Hydrocarbon," does not include correspondence to and from Sanimax and Nova. [Docket No. 90 at 7.] Sanimax's actions include correspondence to Nova (though any response from Nova would be Nova's action). Therefore, Sanimax must answer any actions that it took, including its correspondence to Nova.

- **Interrogatory No. 16.** Sanimax asserts that it has produced all information responsive to this interrogatory "after a thorough inquiry" and that it will supplement its response if it determines that Nova was involved in changes, measures, and/or remedial actions taken at the DeForest facility. [Docket No. 90 at 7–8.] The Court therefore denies Gulf Hydrocarbon's motion to compel on this point.

- **Interrogatory No. 17.** Sanimax stated that any dispute regarding this interrogatory would be resolved by the protective order. [Docket No. 90 at 8.] The Court has granted Sanimax's motion for protective order, and Sanimax must answer this interrogatory consistent with the supplemental protective order.

- **Interrogatory No. 18.** This interrogatory seeks information about Sanimax's claims against Nova. Sanimax argues that it has already responded fully to this interrogatory in its March 1, 2010, supplement. [Docket No. 90 at 2–3.] Sanimax responded that "No complaint was filed and the only dispute with Nova/Bio Source was its failure to timely complete its contractual obligations pursuant to the contract schedule." [Docket No. 90, Ex. 1 at 11.] Gulf Hydrocarbon argues that this answer is incomplete because it does not identify the contents of the claims or complaints filed in each matter, provide the name and address of the attorney for the plaintiff, or provide the current disposition of each claim or complaint filed. [Docket No. 93 at 17.] But Sanimax responded that no complaint was filed, so it cannot be expected to provide the contents of filings, names of plaintiff's attorneys, or dispositions of filings. The Court denies Gulf Hydrocarbon's motion to compel on this point.

   3.   Request for attorney's fees

Gulf Hydrocarbon requests $8,994 in attorney's fees under Federal Rule of Civil Procedure 37(a)(5). Rule 37(a)(5) requires the Court to award attorney's fees upon granting a

motion to compel unless the opposing party's response was substantially justified. Most of Gulf Hydrocarbon's motion to compel focused on information relating to Nova—the same information for which Sanimax sought a protective order. Sanimax brought its motion for protective order in good faith and ultimately prevailed, showing that its opposition to Gulf Hydrocarbon's discovery requests was substantially justified. The Court therefore denies Gulf Hydrocarbon's request for attorney's fees.

## IV.    Conclusion

The Court grants Sanimax's motion for protective order [Docket No. 75], and the proposed supplemental protective order tendered by Seneca [Docket No. 95, Ex. 1] shall be granted by separate order. As indicated above, the Court grants in part Gulf Hydrocarbon's motion to compel. [Docket No. 82.] Sanimax shall supplement its discovery responses within thirty days.

Dated:   06/23/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

G. Martin Cole
BURT BLEE DIXON SUTTON & BLOOM
cole@burtblee.com

Norman R. Garvin
SCOPELITIS GARVIN LIGHT & HANSON
10 West Market Street
Suite 1500
Indianapolis, IN 46204

Eric K. Habig
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ehabig@scopelitis.com

Glenn L. Johnson
NYEMASTER, GOODE, WEST HANSELL & O'BRIEN, P.C.
gjohnson@nyemaster.com

Rachel Y. Osting
BURT, BLEE, DIXON, SUTTON & BLOOM, LLP
rosting@burtblee.com